UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSCAR VENCES ESTRADA,

   Plaintiff,

 -against-

TOUBA GENERAL DISCOUNT, INC., et al.,

   Defendants.

21-CV-5134 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

  The Court has received and reviewed the parties' joint letter-motion dated May 16, 2022 (Joint Ltr.) (Dkt. No. 29), seeking approval of their fully-executed Settlement Agreement (Ag.) (Dkt. No. 29-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants collectively to pay $36,000 to plaintiff Oscar Vences Estrada to settle his claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. § 1; Joint Ltr. at 2. Of that sum, plaintiff's counsel will receive $12,492 to cover attorneys' fees and expenses, leaving $23,508 for plaintiff himself.

  The material terms of the settlement were arrived at after arm's-length bargaining at a judicially-supervised settlement conference before me on April 7, 2022. The parties thereafter consented to my jurisdiction for all purposes. (Dkt. No. 25.)

  The financial terms of the Agreement are fair and reasonable. The gross settlement payment is lower than plaintiff's claimed maximum recovery, which his counsel estimates to be as much as $190,000 (including liquidated damages). Joint Ltr. at 2. However, plaintiff faces a number of litigation risks that could have prevented him from recovering anything close to that sum. For example, although he was paid in cash, defendants' records reflect that plaintiff was "paid hourly at minimum wage, and with overtime." *Id.* On the other hand, defendants concede that that they face a risk of liability under the NYLL for "potential spread of hours, wage

statement violations and potential additional exposure for deducting an hour for meal breaks." *Id.* Under these circumstances, the settlement amount is fair and reasonable.

The non-economic terms of the settlement are also fair. The agreement includes mutual general releases. Plaintiff will release defendants "from any and all claims . . . of any kind whatsoever . . . including but not limited to those arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination or separation from employment with [defendants.]" Ag. at 3. Defendants, in turn, will release plaintiff "from any and all claims . . . of any kind whatsoever . . . including but not limited to those arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination or separation from employment with [defendants.]" Ag. at 5. As I have noted in the past, mutual general releases can be appropriate in a non-class FLSA settlement where, as here, the plaintiff is counseled and is no longer employed by the defendants. *See, e.g.*, *Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016).

There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiff's ability to discuss his employment with defendants, this action, or the terms of the settlement.

The proposed attorney's fee award represents one-third of the net settlement payment after deduction of $739 in costs, for which counsel will also be reimbursed, and is lower than counsel's stated lodestar of $16,682.50. *See* Joint Ltr. at 4 & Ex. B (attorney time records). Given the degree of success obtained by counsel in this action, the award is not excessive.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. It is hereby

**ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
      May 17, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**